[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2009
THOMAS K. KAHN
CLERK

No. 08-15151
Non-Argument Calendar
_____

Agency Nos. A070-410-123, A096-172-646

ERICK HUMBERTO JACINTO LOPEZ,
BLANCA DILYA GARCIA DE JACINTO,
ERICK HUMBERTO JACINTO GARCIA,
DEICY YOJANA JACINTO GARCIA,
CRISTOFER ELIBERTO JACINTO GARCIA,
JACKELYNE ELIZABETH JACINTO GARCIA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 15, 2009)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Erick Humberto Jacinto-Lopez, a citizen of Guatemala, petitions for review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ's") order denying his application for asylum and withholding of removal. After review, we deny the petition for review.

## I. BACKGROUND

Jacinto-Lopez filed an application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture ("CAT").[1] Jacinto-Lopez claimed that he suffered past persecution and had a well-founded fear of future persecution in Guatemala based on his membership in a particular social group, the Guatemalan Special Forces.

According to Jacinto-Lopez's asylum application and hearing testimony, Jacinto-Lopez was a Captain in the Special Forces who fought narco-trafficking. Jacinto-Lopez left Guatemala with his family after receiving death threats from a drug trafficker he had arrested.

Specifically, in December 2002, Jacinto-Lopez and four other officers

---

[1] Jacinto-Lopez's wife and four children were included on the asylum application as derivative beneficiaries. Although our opinion refers to Jacinto-Lopez, our holding as to the asylum claim applies equally to his family. As to the claim for withholding of removal, "there are no derivative benefits associated with a grant of withholding of removal." Delgado v. U.S. Att'y Gen., 487 F.3d 855, 862 (11th Cir. 2007). Thus, we deny the petition as to his family's claim of withholding of removal on that basis.

arrested Amilcar Arana after finding weapons and cocaine in his car. After Arana was taken to the jail, Arana twice threatened to kill Jacinto-Lopez and the other officers involved in the arrest. Fellow officers also told Jacinto-Lopez that Arana had stated to them that he was going to have Jacinto-Lopez killed.

A background check revealed that Arana had been prosecuted for killing a police officer, although Jacinto-Lopez was unsure of the outcome of that prosecution. Jacinto-Lopez asked the State Attorney's Office and Special Forces for protection and to be allowed to carry his service firearm home. Apart from being told he could not take his gun home, Jacinto-Lopez received no response to his request. Jacinto-Lopez's family did not receive any threats, and Jacinto-Lopez did not receive any threats at his home, which was four hours away from the jail where Arana was being held.

On March 1, 2003, Jacinto-Lopez and his family left Guatemala because they feared for their safety. Jacinto-Lopez's siblings and parents remain in Guatemala. Jacinto-Lopez has not received any information as to what has happened to Arana or whether Arana is looking for him or has tried to carry out his threat against the other officers involved in the arrest.

Following a hearing, the IJ denied Jacinto-Lopez all requested relief. The IJ found Jacinto-Lopez's hearing testimony credible. However, the IJ concluded that the "single threat coupled with two others that may have been indirect[ ] do not

3

constitute past persecution" and that Jacinto-Lopez had not shown a well-founded

fear of future persecution. The IJ also concluded that Jacinto-Lopez had not shown

his eligibility for withholding of removal or CAT relief.

Jacinto-Lopez appealed to the BIA, challenging the IJ's denial of asylum

and withholding of removal.[2] The BIA agreed with the IJ that "the threats received

by [Jacinto-Lopez] do not rise to the level of persecution." The BIA concluded

that Jacinto-Lopez failed to demonstrate that he had a well-founded fear of future

persecution because he had not shown that Arana was still seeking him or what, if

anything, had become of his fellow police officers. The BIA noted that Jacinto-

Lopez lived four hours from the place where he was threatened and received no

threats at home. As Jacinto-Lopez failed to establish past persecution or a well-

found fear of future persecution, the BIA declined to address whether former

members of the Guatemalan Special Forces qualified as a particular social group.

## II. DISCUSSION

To establish asylum eligibility, an applicant must show either past

persecution or a well-founded fear of persecution on account of race, religion,

nationality, membership in a particular social group, or political opinion. INA

§ 101(a)(42)(a), 8 U.S.C. § 1101(a)(42)(A); Sepulveda v. U.S. Att'y Gen., 401

---

[2]Jacinto-Lopez did not challenge the denial of his CAT claim before the BIA and does not raise it in this Court.

F.3d 1226, 1230-31 (11th Cir. 2005).  Although the INA does not define persecution, this Court has noted that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution."  Id. at 1231 (quotation marks and brackets omitted).  Mere threats, without more, do not rise to the level persecution.  See id.; see also Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1174 (11th Cir. 2008) (threats communicated by other students to petitioner did not constitute persecution); Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1237 (11th Cir. 2006) (finding a condolence note death threat to be "an example of harassment and intimidation, but not persecution").[3]

On appeal, Jacinto-Lopez argues that the threats against his life amounted to past persecution.  Jacinto-Lopez was threatened twice by the drug trafficker, Arana, and then Jacinto-Lopez heard from colleagues that Arana planned to have him killed.  However, there is no evidence of any other actions taken against Jacinto-Lopez, his family or any of his fellow officers who participated in Arana's

---

[3]We review the BIA's decision, "except to the extent that it expressly adopts the IJ's opinion."  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well."  Id.  Here, the BIA affirmed the IJ's findings as to past persecution and relied and elaborated upon the IJ's reasoning.  Thus, we review both decisions.  We review legal conclusions de novo and factual determinations under the substantial evidence test.  Singh v. U.S. Att'y Gen., 553 F.3d 1369, 1372 (11th Cir. 2008).  Under the substantial evidence test, the fact that evidence in the record may support a contrary conclusion to the administrative finding does not justify reversal; rather, reversal is only appropriate when the record "compels" it.  Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

arrest. These few threats are the kind of verbal harassment and intimidation that does not constitute persecution. Under the circumstances, the record does not compel a conclusion that Jacinto-Lopez suffered past persecution.

Because we conclude that substantial evidence supports the finding that Jacinto-Lopez failed to show past persecution, we do not address his arguments (1) that the government failed to rebut the presumption that he had a well-founded fear of persecution and (2) that his status as a member of the Guatemalan Special Forces qualifies as membership in a particular social group. Furthermore, Jacinto-Lopez does not argue on appeal that, even in the absence of a finding of past persecution, the record compels a conclusion that he has a well-founded fear of future persecution. Finally, given Jacinto-Lopez's failure to meet the lower burden of proof with regard to asylum, he is also ineligible for withholding of removal. See Sepulveda, 401 F.3d at 1232-33 (explaining that an applicant who fails to meet the asylum standard generally cannot qualify for withholding of removal).

**PETITION DENIED.**